# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

MELISSA LEIGH TOPPINS,

            Plaintiff,

vs.

MINNESOTA LIFE INSURANCE CO.,

            Defendants.

Case No.10-CV-426-GKF-FHM

## REPORT AND RECOMMENDATION

Defendant Minnesota Life Insurance Company's Motion for Attorney's Fees [Dkt. 68] has been referred to the undersigned United States Magistrate Judge for report and recommendation.

Plaintiff, the beneficiary of a life insurance policy issued by Defendant, filed this action on April 22, 2010, alleging breach of contract and bad faith refusal to pay a claim. [Dkt. 2-3]. On May 3, 2010, Defendant paid Plaintiff the policy proceeds together with the applicable interest. On April 14, 2011, the court granted Defendant's motion for summary judgement stating:

> [T]his Court concludes that Minnesota Life did not act unreasonably by not paying plaintiff's life insurance claim within 30 days of receipt of proof of death. And the length of investigation here and under the circumstances presented does not show that Minnesota Life acted in bad faith. Considering all of the evidence in the summary judgment record, the court finds that Minnesota Life is entitled to summary judgment on plaintiff's bad faith claim. The punitive damage claim obviously falls as a result as well, the Court finding that no reasonable jury could find in plaintiff's favor on the bad faith claim against Minnesota Life.

[Dkt. 63, pp. 41-42].

Defendant seeks attorney fees under 36 Okla. Stat. § 3629(B)[1] as prevailing party. The undersigned finds there is no authority under §3629(B) for an award of attorney fees to Defendant in this case. 36 Okla. Stat. § 3629(B) provides:

> It shall be the duty of the insurer, receiving proof of loss, to submit a written offer of settlement or rejection of the claim to the insured party within ninety (90) days of receipt of that proof of loss. Upon judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases in which the judgment does not exceed the written offer of settlement.

Section 3629(B) has been interpreted to require an award of attorney fees in a suit asserting a bad faith[2] claim only where the "core element" of the claim is composed of the insured loss. In such cases § 3629(B) allows recovery of reasonable attorney fees to the prevailing party for time spent preparing and prosecuting the tort suit. *See Taylor v. State Farm Fire and Casualty Co.*, 981 P.2d 1253, 1258-1259 (Okla. 1999).

In the instant case, after the proceeds of the policy were paid to the beneficiary on May 3, 2010, the insured loss was no longer any part of the claim, much less the "core element." As a result, attorney fees were no longer available to the prevailing party under §3629(B). *See Henderson v. Horace Mann Ins. Co.*, 560 F.Supp.2d 1099, 1106 (N.D. Okla. 2008)(fees attributable solely to bad faith claim were properly excluded from fee award under 36 Okla. Stat. §3629(B)). Furthermore, since Defendant paid the policy proceeds together with interest, Defendant can in no way claim to have been a prevailing

---

[1] In this diversity case, the right to recover attorney fees is determined by reference to state law. *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1446 (10th Cir. 1993). The parties agree that the motion is properly decided under 36 Okla. Stat. § 3629(B)

[2] The term "bad faith" refers to the tort claim asserting a breach of the duty of good faith and fair dealing in an insurance contract. *Brown v. Patel*, 157 P.3d 117, 121 n.5 (Okla. 2007).

party with respect to the insured loss. *See Butterfly-Biles v. State Farm*, 2010 WL 346836 (N.D. Okla.) (36 Okla. Stat. §3629(b) not applicable unless party is prevailing party on breach of contract claim).

The cases Defendant cited in support of its motion are inapposite. Unlike this case, in *Grain Dealers v. Farmers Alliance,* 42 Fed.Appx. 219 (10th Cir. 2002) throughout the pendency of the suit, the parties litigated the question of defendant's liability under the policy. As previously stated and as evidenced by the Court's ruling at the summary judgment hearing, in this case after the policy benefits were paid, the insured loss was no longer an issue.

In *Sunny Meadows v. Peerless Insurance Co.*, 2005 WL 2716303 (WD Okla), also cited by Defendant, the Court considered whether the insurance company had complied with §3629(B) so as to qualify for an award of attorney fees when it denied the claim more than 90 days after the receipt of the claim. The Court ruled that, pursuant to the terms of the statute, the 90 day time frame was measured from the receipt of a proof of loss, not from receipt of the claim. *Id*. at *1. In *Sunny Meadows* since the insurer denied the claim the insured loss was again the "core element" in the suit.

In this case since the insured loss was not the "core element" of Plaintiff beneficiary's tort suit against the Defendant insurance company, the undersigned finds that § 3629(B) does not support a recovery of attorney fees by the Defendant.

The undersigned United States Magistrate Judge RECOMMENDS that Defendant Minnesota Life Insurance Company's Motion for Attorney's Fees [Dkt. 68] be DENIED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by July 15, 2011.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 1st day of July, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

4