IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MELISSA LEIGH TOPPINS,            )
                                  )
       Plaintiff,                 )
                                  )
v.                                )     Case No. 10-CV-426-GKF-FHM
                                  )
MINNESOTA LIFE INSURANCE COMPANY, )
                                  )
       Defendant.                 )

## OPINION AND ORDER

Before the court is the Motion for Attorney's Fees [Dkt. #68] of defendant Minnesota Life Insurance Company ("Minnesota Life"). In his Report and Recommendation [Dkt. #80], Magistrate Judge Frank M. McCarthy recommended that the motion be denied. Defendant has filed Objections to the Report and Recommendation [Dkt. #85]. Under Fed.R.Civ.P. 72(b)(3), the court must determine de novo any part of the magistrate judge's report and recommendation that has been properly objected to. *See also* 28 U.S.C. § 636(b)(1).

Plaintiff is the beneficiary of a life insurance policy issued by Minnesota Life to her husband, Timothy Toppins. On February 28, 2010, her husband was killed in a plane crash in Creek County, Oklahoma. On March 17, 2010, plaintiff submitted to the insurer a completed beneficiary claim form and certified death certificate. [Dkt. #42-1, Strange Dep., 54:20-55:6 and Dep. Ex. 5]. Plaintiff filed this action on April 22, 2010, alleging breach of contract and bad faith refusal to pay a claim. [Dkt. #2-3, Petition]. On May 3, 2010, defendant paid plaintiff the policy proceeds together with applicable interest. On April 12, 2011, the court granted

1

defendant's motion for summary judgment against plaintiff.  [Dkt. #64].  In so ruling, the court stated:

> Under the circumstances presented this Court concludes that Minnesota Life did not act unreasonably by not paying plaintiff's life insurance claim within 30 days of receipt of proof of death.  And the length of the investigation here and under the circumstances presented does not show that Minnesota Life acted in bad faith.  Considering all of the evidence in the summary judgment record, the Court finds that Minnesota Life is entitled to summary judgment on plaintiff's bad faith claim.  The punitive damage claim obviously falls as a result as well, the Court finding that no reasonable jury could find in plaintiff's favor on the bad faith claim against Minnesota Life.

[Dkt. #76, 41:19-42:5].   On April 13, 2011, judgment was entered in favor of defendant and against plaintiff.  [Dkt. #64].

Defendant seeks attorney fees under 36 O.S. § 3629(B), which provides:

> It shall be the duty of the insurer, receiving proof of loss, to submit a written offer of settlement or rejection of the claim to the insured party within ninety (90) days of receipt of that proof of loss.  Upon judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party.  For purposes of this section, the prevailing party is the insurer in those cases in which the judgment does not exceed the written offer of settlement.

The Oklahoma Supreme Court has interpreted 36 O.S. § 3629(B) to allow an award of attorney fees in a suit asserting a bad faith claim "*so long as the insured loss is the core element of the prevailing litigant's recovery.*"  *Taylor v. State Farm Fire and Casualty Co.,* 981 P.2d 1253, 1262 (Okla. 1999) (emphasis in original). *See also Badillo v. Mid Century Ins. Co.,* 121 P.3d 1080, 1107 (Okla. 2005) (*"Taylor's* core element principle as to § 3629(B)" was not applicable where "the primary focus and heart of insured's suit against insurers involved his attempt to recover financial losses not covered by the policy of insurance and to recover damages for embarrassment, and mental pain and suffering.").

Here, the proceeds of the policy were paid out within two weeks of the filing of this lawsuit. Therefore, as the Magistrate Judge pointed out, "the insured loss was no longer any part of the claim, much less the 'core element.'" [Dkt. #80 at 2]. *See Henderson v. Horace Mann Ins. Co.,* 560 F. Supp.2d 1099, 1106 (N.D. Okla.) (fees attributable solely to defense of insured's bad faith claim were properly excluded form a fee award under 36 O.S. § 3629(B)). Further, although Minnesota Life prevailed on plaintiff's bad faith claim, it paid all policy proceeds, plus interest, shortly after the lawsuit was filed, and thus was not a "prevailing party" with respect to the "insured loss." *See Butterfly-Biles v. State Farm Life Insurance Co.,* 2010 WL 346839, *6 (N.D. Okla.) (36 O.S. § 3629(B) not applicable unless party is prevailing party on breach of contract claim).

The cases Minnesota Life relies upon all involve situations in which the insurer, throughout litigation, contested the insured's right to payment of part or all of the "insured loss." *See Regional Air, Inc. v. Canal Ins. Co.,* 2011 U.S. App. LEXIS 683 (10th Cir. Jan. 14, 2011) (dispute between insurer and insured about replacement and storage cost of damaged tractor trailer); *Grain Dealers v. Farmers Alliance,* 42 Fed. Appx. 219 (10th Cir. 2002) (insurer prevailed in declaratory judgment action seeking determination that it was not required to cover costs of defense of insured); *Sunny Meadows Dairy & Foods, Inc. v. Peerless Insurance Co.,* 2005 WL 2716303 (W.D. Okla.) (insurer denied claim and ultimately prevailed in litigation over the denial of the claim).

Here, in contrast, Minnesota Life paid the policy limits shortly after the lawsuit was filed, essentially mooting the breach of contract aspect of the case. Thus, the insured loss was *not* the core element of Minnesota Life's ultimate victory on the bad faith aspect of the case.

For the foregoing reasons, the court overrules Minnesota Life's Objections to the Magistrate Judge's Report and Recommendation [Dkt. #85], affirms and adopts the Report and Recommendation [Dkt. #80] and denies Minnesota Life's Motion for Attorney Fees [Dkt. #68].

ENTERED this 14th day of September, 2011.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma